# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Aaron Carlson Corporation,

        Plaintiff,

v.

Neal Cohen, Darren Chaffee,
CoBe Equities, L.L.C., CoBe Capital, L.L.C.,
LSI of America Holdings, LLC, LinCourt
L.L.C, Harvey Berk, CoBe Management,
LLC, and Cocha Finance, LLC,

        Defendants.

Court File No._____

**NOTICE OF REMOVAL OF ACTION**

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA:

Defendants Neal Cohen, Darren Chaffee, CoBe Equities, LLC, CoBe Capital, LLC, CoBe Management, LLC, and LSI of America Holdings, LLC submit this Notice of Removal of Action and allege as follows:

    1.     This Court has original jurisdiction under 28 U.S.C. § 1332(a) and this action is one that may be removed pursuant to 28 U.S.C. § 1441(a) in that the Defendants served to date, consent to removal and are of diverse citizenship from Plaintiff:

        a.     Plaintiff Aaron Carlson Corporation ("ACC") was formed and organized under the laws of the State of Delaware with its principal place of business in the State of Minnesota.

        b.     Defendant Neal Cohen is a permanent resident and citizen of the State of New York.

c. Defendant Darren Chaffee is a permanent resident and citizen of the State of New York.

d. Defendant CoBe Capital, LLC ("CoBe Capital") is a limited liability company formed and organized under the laws of the State of Delaware with its principal place of business in the State of New York. CoBe Capital has two members: Neal Cohen and Diana Cohen. Neal Cohen and Diana Cohen are permanent residents and citizens of the State of New York. As a result, for the purposes of 28 U.S.C. §1332(a), CoBe Capital is a citizen of the State of New York.

e. Defendant CoBe Equities, LLC ("CoBe Equities") is a limited liability company formed and organized under the laws of the State of New York. Its principal place of business is the State of New York. CoBe Equities has three members: Harvey Berk, LinCourt, LLC ("LinCourt"), and CoBe Capital. As set forth above at 1.d., CoBe Capital is a citizen of the State of New York. Harvey Berk is a permanent resident and citizen of the State of New Jersey. LinCourt is a limited liability company formed and organized under the laws of the State of Delaware. If a member of an LLC is another LLC, then each member of the LLC must be identified and its citizenship pled. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3rd Cir. 2010) ("[w]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.") (quoting Hert v. Terminex Int'l, 336 F. 3d 541, 543 (7th Cir. 2003)); see also Vaughn v. MGM Resorts Int'l, 2018 U.S. Dist. LEXIS 2929, *3 n.2. (D.N.J. Jan. 8, 2018). LinCourt has one member, the Diana J. Berk-Cohen 2012 Family Trust ("Trust"). The Trust's trustee is Neal Cohen, a permanent resident and citizen of the State of New York. As a result, for the purposes of 28 U.S.C. §1332(a), CoBe Equities is a citizen of the States of New York and New Jersey.

f. Defendant CoBe Management, LLC ("CoBe Management") is a limited liability company formed and organized under the laws of the State of New York with its principal place of business in the State of New York. CoBe Management has one member, CoBe Capital, LLC. As set forth above at 1.d., CoBe Capital's members are Neal Cohen and Diana Cohen, both permanent residents and citizens of the State of New York. For the purposes of 28 U.S.C. §1332(a), CoBe Management is a citizen of the State of New York.

g. LSI of America Holdings, LLC ("LSI Holdings") is a Delaware limited liability company with its principal place of business in the State of New York. LSI Holding's members are Neal Cohen and Darren Chaffee, both permanent residents and citizens of the State of New York. For the purposes of 28 U.S.C. §1332(a), LSI Holdings is a citizen of the State of New York.

h. Plaintiff commenced this action in Hennepin County District Court on January 24, 2017. At the time, named Defendants were Cohen, Chaffee, CoBe Equities, CoBe Capital and Stevens Industries, Inc. ("Stevens"). Stevens was a corporation formed and organized under the laws of the State of Delaware with its principal place of business in the State of Illinois. Cohen, Chaffee, CoBe Equities, CoBe Capital and Stevens timely removed the action to this Court and asserted that Stevens was a nominal party and sham defendant fraudulently joined for the purposes of defeating diversity jurisdiction. Stevens did not answer the complaint and instead filed a motion to dismiss pursuant to Minn. R. Civ P. 12.02. Given the procedural posture at the time, this Court remanded the action to state court for lack of diversity jurisdiction. The state court subsequently dismissed Stevens from the action on the basis that Plaintiff's successor liability argument was contrary "to the plain language of the Asset Purchase Agreement" and "posits the exact opposite of what the Minnesota Supreme Court held in Harborage I, and the Minnesota legislature codified in Minn. Stat. § 302A.661, subd. 4, as Minnesota's successor liability law," thus, confirming that the original pleading was removable on the basis of Stevens' fraudulent joinder. As such, the one-year limitation period on removal is inapplicable to the newly named Defendants, who have removed this action within 30 days of service of the Amended Complaint. 28 U.S.C. § 1446(b). The inclusion of Stevens in the original pleading without a basis in law or fact to impose successor liability also implicates the "bad faith" exception to the one-year removal limitation period set forth in 28 U.S.C. § 1446(c)(1). As such, this removal by two newly named Defendants is timely.

2. In addition to dismissing Stevens, the state court also granted Defendants Cohen, Chaffee, CoBe Equities, and CoBe Capital's motion for summary judgment. The Minnesota Supreme Court ultimately reversed and remanded the case back to the district court for further proceedings. After remand to the district court, Plaintiff served an Amended

Complaint adding Defendants CoBe Management and LSI Holdings. Counsel for CoBe Management and LSI Holdings accepted service of the Summons and Amended Complaint on October 20, 2019. Thirty days since service on CoBe Management and LSI Holdings have not yet passed.

3. The manner in controversy between Plaintiff and Defendants is in an amount which exceeds the sum of $75,000.

4. Attached hereto are copies of the pleadings and Orders served upon Defendants in this matter.

WHEREFORE, this action is removed from Hennepin County District Court, State of Minnesota, to the United States District Court for the District of Minnesota.

**MESSERLI & KRAMER P.A.**

Dated: November 1, 2019

s/ s/Terrance J. Wagener
Terrance J. Wagener (#213676)
100 South Fifth Street, Suite 1400
Minneapolis, MN 55402
(612) 672-3600
twagener@messerlikramer.com

**ATTORNEYS FOR DEFENDANTS NEAL COHEN, DARREN CHAFFEE, COBE EQUITIES, L.L.C., COBE CAPITAL, L.L.C., COBE MANAGEMENT, L.L.C. and LSI OF AMERICA HOLDINGS, L.L.C.**

# **VERIFICATION**

I, Terrance J. Wagener, declare as follows:

I am the attorney for Defendants Neal Cohen, Darren Chaffee, CoBe Equities, LLC and CoBe Capital, LLC, and have read the foregoing Notice of Removal of Civil Action to United States District Court and know the contents thereof. I am informed, believe and declare that the matters stated therein are true and on that ground allege that the matters stated therein are true.

Executed this 1st day of November, 2019, at Minneapolis, Minnesota.

                                                s/Terrance J. Wagener
                                                Terrance J. Wagener