| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Aaron Carlson Corporation, | Case Type: Equity |
| Plaintiff, | Court File No._____ |
| v. | **COMPLAINT** |
| Neal Cohen, Darren Chaffee, CoBe Equities, L.L.C. a/k/a CoBe Capital, L.L.C., and Stevens Industries, Inc., | |
| Defendants, | |

Plaintiff Aaron Carlson Corporation, by and through its attorneys, Schwartz Law Firm, for its Complaint against Defendants Neal Cohen, Darren Chaffee, CoBe Equities, L.L.C. a/k/a CoBe Capital, L.L.C., and Stevens Industries, Inc., states and alleges as follows:

THE PARTIES

1. Plaintiff Aaron Carlson Corporation ("ACC") is a Delaware corporation operating in Minnesota as a foreign corporation pursuant to Minnesota Chapter 303 with its registered office located at 1505 Central Avenue NE, City of Minneapolis, County of Hennepin, State of Minnesota, and which owns, uses and possesses real and personal property in Minnesota, and transacts business within Minnesota.

2. Upon information and belief, Defendant Neal Cohen ("Cohen") is a New York resident who at times material herein owned, used and possessed real and personal property in Minnesota, transacted business within Minnesota and/or committed acts in Minnesota.

3. Upon information and belief, Defendant Darren Chaffee ("Chaffee") is a New York resident who at times material herein owned, used and possessed real and personal

1

property in Minnesota, transacted business within Minnesota and/or committed acts in Minnesota.

4. Upon information and belief, Defendant CoBe Equities, L.L.C. a/k/a CoBe Capital, L.L.C. ("CoBe") is a New York limited liability company with its corporate headquarters located at 220 East 42nd Street, 31st Floor, New York, NY 10017, and its registered address located at Box 4552, New York, NY 10163, and which at times material herein owned, used and possessed real and personal property in Minnesota, transacted business within Minnesota and/or committed acts in Minnesota.

5. Defendant Stevens Industries, Inc. ("Stevens") is an Illinois corporation with its corporate headquarters located at 704 West Main Street, Teutopolis, Illinois 62467, and which at times material herein owned, used and possessed real and personal property in Minnesota, transacted business within Minnesota and/or committed acts in Minnesota.

6. The above captioned Court has jurisdiction over Defendants pursuant to Minn. Stat. § 543.19 as Defendants, at times material herein, owned, used and possessed real and personal property in Minnesota, transacted business within Minnesota, committed acts in Minnesota causing injury to ACC, Minnesota has a substantial interest in providing a forum and jurisdiction over Defendants, and jurisdiction over Defendants does not violate fairness and substantial justice as Defendants have purposefully availed themselves to the privilege of conducting activities within Minnesota, thus invoking benefits and protections of Minnesota's laws.

7. Venue in the above captioned Court is proper pursuant to Minn. Stat. § 542.09, which confers jurisdiction in the District Court in the County in which the cause of action or some part thereof arose.

## FACTS

8.  ACC realleges and reasserts herein the allegations contained in the paragraphs above.

9.  ACC has a 125-year tradition of architectural woodworking excellence and provides quality custom woodwork for commercial and residential projects.

10. LSI Corporation of America, Inc. ("LSI") is a Minnesota corporation and conducted business in Minnesota, including Hennepin County.

11. LSI was/is a manufacturer and designer of laminate casework systems, solid surface and other interior products.

12. CoBe is an investment firm purporting to specialize "in the acquisition and operating of non-core and underperforming business units in the America and Europe from leading global corporations."

13. Cohen is the founder and managing director of CoBe.

14. Chaffee is the managing director of global mergers and acquisitions of CoBe.

15. On or about June 18, 2013, CoBe purchased LSI.

16. Omar Haque was the President of LSI.

17. Omar Haque's dad, Shuja Haque, is also a director of CoBe.

18. On or about September 13, 2013, Bell State & Trust made a loan to LSI in the original principal amount of $1,500,000 ("Loan") as evidenced by a Promissory Note dated September 13, 2013, ("Note") and pursuant to the terms and conditions of a Business Loan Agreement ("Loan Agreement").

19. LSI's performance and obligations under the Note and Loan Agreement were secured, in part, by a Commercial Security Agreement dated September 13, 2013 ("Security Agreement"), executed by LSI in favor of Bell State & Trust, pursuant to which LSI

granted to Bell State & Trust a blanket security interest in substantially all of LSI's assets.

20. The Loan was amended on a number of occasions by certain Note Modifications and Forbearance Agreements, notably on February 10, 2015 (increasing the maximum amount available pursuant to the credit facility to $2,300,000.00), April 6, 2015 (increasing the maximum amount available pursuant to the credit facility to $3,500,000.00), June 10, 2015 (increasing the maximum amount available pursuant to the credit facility to $5,000,000.00), and August 10, 2015.

21. On or about October 13, 2015, Cohen and Chaffee purchased the Loan and all rights, title, and interest appurtenant thereto from Bell State & Trust pursuant to the Loan Purchase and Sale Agreement dated October 13, 2015.

22. On or about October 20, 2015, LSI, Cohen and Chaffee entered into a Loan Reaffirmation Agreement ("Reaffirmation Agreement") dated October 20, 2015, in which LSI, managed and controlled by Cohen, Chaffee, and CoBe, reaffirmed the principal indebtedness pursuant to the Loan of $3,909,465.30, plus accruing interest, and Cohen and Chafee agreed to make collective additional advances to LSI of $1,045,243.44, plus accruing interest

23. In connection with the Reaffirmation Agreement, on or about October 20, 2015, Cohen made an additional loan to LSI in the original principal amount of $522,621.72.

24. In connection with the Reaffirmation Agreement, on or about October 20, 2015, Chaffee made an additional loan to LSI in the original principal amount of $522,621.72.

25. On or about December 23, 2015, Cohen and Chaffee made additional advances to LSI in the principal amount of $90,088.80.

26. Cohen and Chaffee also advanced additional funds to LSI's receiver in the amount of $406,048.00 and $36,119.00, respectfully.

27. Cohen and Chaffee have advanced in excess of $5,486,000.00 to LSI.

28. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, there was insufficient capitalization for purposes of LSI's corporate undertakings.

29. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, LSI, Cohen, Chaffee, and CoBe failed to observe corporate formalities.

30. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, LSI, Cohen, Chaffee, and CoBe were aware of LSI's insolvency at the time in which LSI entered into the transactions with ACC which are at issue in this lawsuit.

31. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, Cohen, Chaffee, and CoBe exercised complete domination of LSI in respect to the transactions by and between LSI and ACC.

32. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, Cohen, Chaffee, and CoBe exercised complete domination of LSI to commit wrongs against ACC which resulted in ACC's injuries as set forth herein.

33. ACC is requesting that the Court pierce the corporate veil and hold Cohen, Chaffee, and CoBe liable for LSI's liabilities as set forth herein to avoid injustice and fundamental unfairness.

34. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, LSI, Cohen, Chaffee, and CoBe operated LSI in an unjust manner, including, but not limited to, LSI entering into the transactions with ACC which were the subject of Court File No. 27-CV-15-16802 that LSI knew, or should have known, was unable to meet its payment obligations.

35. On January 15, 2016, Cohen and Chaffee sued LSI in Hennepin County, Minnesota District Court, Court File No. 27-CV-16-646.

36. On January 15, 2016, Cohen, Chaffee and LSI, managed and controlled by Cohen, Chaffee, and CoBe, stipulated to the appointment of receiver in Court File No. 27-CV-16-646.

37. The receiver in Court File No. 27-CV-16-646 collected $442,501.00 in LSI's receivables.

38. The receiver in Court File No. 27-CV-16-646 netted $585,000.00 in selling LSI's equipment to Reich Brothers, LLC.

39. The receiver in Court File No. 27-CV-16-646 sold LSI's intellectual property for $170,000.00 to Stevens.

40. On or about February 29, 2016, Stevens announced the purchase of LSI.

41. Stevens stated the following regarding the purchase of LSI:

> LSI Corporation of America stopped production in January after nearly 48 years in the education and medical casework business. LSI had been a go-to brand for architects in the commercial casework industry since the 1970s. "This acquisition is a huge step forward for Stevens Industries as

LSI has been a well-known name in the architecturally-designed cabinetry business for many years," commented Todd Wegman, President of Stevens Industries, Inc.

"Many years of strategy and planning have led us to this point," Wegman explained.   "We have actively recruited talented people for sales, construction project management, estimating, product design, production, engineering and installation positions.  New technology and additional production team members have increased our productivity to meet amplified order volume.   With our sustained growth and previous acquisition, we have added more than 80 employees over an 18 month period, and intend to continue expansion.  The team is implementing additional tactics and resources to prepare for the new business."

"We are very excited to bring the LSI brand into our existing line of Stevens Advantage Casework and Millwork.  Our existing dealers and sales force are excited that the product is available through Stevens Industries.  Architects and general contractors can be assured their LSI product needs are in good hands with our casework, countertop and millwork solutions," stated Mike Gibson, Vice President of Sales and Marketing for Stevens Industries, Inc.

42. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, Stevens expressly or implicitly agreed to assume the debts and liabilities of LSI.

43. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, the purchase of LSI by Stevens amounts to the consolidation or merger of the corporations.

44. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, Stevens is merely a continuation of LSI.

45. Upon information and belief and which allegation will likely have additional evidentiary support after a reasonable opportunity for further investigation and discovery, the purchase of LSI by Stevens was an attempt by LSI to escape liability for its debts.

46. On June 22, 2016, ACC's Motion to Amend Complaint to add Cohen, Chaffee and CoBe

as parties to ACC's claims against LSI in Court File No. 27-CV-15-16802 came duly on

for hearing.

47. On July 20, 2016, the Honorable Kevin S. Burke stated in Court File No. 27-CV-15-

16802 that:

> ACC argues that, as a result of Cohen and Chafee suing LSI in Hennepin
> County and the issuance of a stipulated appointment of a Receiver over
> LSI in that matter which stayed the prosecution of all pending claims
> regarding LSI (including this matter), ACC was prohibited from
> previously seeking to add Cohen, Chaffee, and CoBe as parties in
> accordance with this Court's Scheduling Order. ACC asserts that LSI has
> refused to respond to its discovery requests and that, upon discovering the
> facts which serve as ACC's basis for seeking to pierce LSI's corporate
> veil, and as soon as ACC was granted leave to proceed here, ACC
> diligently sought this Court's leave to file its Amended Complaint. This
> far, the Court agrees with what ACC claims.

48. On July 20, 2016, the Honorable Kevin S. Burke stated in Court File No. 27-CV-15-

16802 that:

> ACC also argues that if it is not allowed to add Cohen, Chaffee, and CoBe
> as addition parties in this action, then they will argue they do not have
> notice of a trial and will have the ability to collaterally attack the judgment
> "because they were not parties to the original lawsuit." This Court notes,
> however, that ACC served both the Defendants and the potential
> Defendants (Cohen, Chaffee, and CoBe) with notice of this motion, so any
> attempt by the potential Defendants that they did not have notice would be
> disingenuous and should fail. But to be certain that is the result, if the
> Defendants and potential Defendants do not promptly respond to this
> Order, they shall be barred from collaterally attacking any judgment in this
> case. To put it in plain English, if Cohen, Chaffee, and CoBe let ACC get
> a judgment against LSI, the risk they will then have if ACC can pierce the
> corporate veil is that they will be individually responsible for the
> judgment.

49. On July 20, 2016, the Honorable Kevin S. Burke stated in Court File No. 27-CV-15-

16802 that:

What will happen next is a trial – perhaps by default or perhaps defended. If there is a judgment against LSI Corporation, then armed with that judgment, ACC may in a separate lawsuit sue these named putative defendants and attempt to pierce the corporate veil with the evidence they have proffered to this Court for this motion.

50. On July 20, 2016, the Honorable Kevin S. Burke held in Court File No. 27-CV-15-16802:

The Defendant, LSI Corporation, and the putative Defendants, Neal Cohen, Darren Chaffee, and CoBe Equities, LLC a/k/a CoBe Capital, LLC, shall promptly respond to this Order and participate in litigation of this case or risk entry of a default judgment against LSI Corporation.

51. On October 21, 2016, ACC's Motion for Summary Judgment in Court File No. 27-CV-15-16802 came duly on for hearing.

52. LSI did not appear, respond or contact the Court in response to ACC's Motion for Summary Judgment in Court File No. 27-CV-15-16802.

53. On October 21, 2016, the Honorable Kevin S. Burke granted ACC's Motion for Summary Judgment in Court File No. 27-CV-15-16802 and granted judgment against LSI in the amount of $444,646.48.

54. On October 24, 2016, judgment in the amount of $444,646.48 was entered against LSI in favor of ACC.

### COUNT I: SUCCESSOR LIABILITY

55. ACC reasserts and realleges the allegations contained in the above paragraphs.

56. Stevens is liable to ACC for the judgment entered in Court File No. 27-CV-15-16802 against LSI under the successor liability doctrine.

57. ACC requests a judgment from this Court that Stevens must pay the judgment entered in Court File NO. 27-CV-15-16802 and all costs and interests to ACC.

### COUNT II: PIERCING THE CORPORATE VEIL

58. ACC reasserts and realleges the allegations contained in the above paragraphs.

59. Cohen, Chaffee and CoBe are liable to ACC for judgment entered in Court File No. 27-CV-15-16802 against LSI under the piercing the corporate veil theory.

60. There would be injustice or fundamental unfairness if the corproate veil of LSI was not pierced to require Cohen, Chaffee and CoBe to pay the judgement entered in Court File No. 27-CV-15-16802.

61. ACC requests a judgment from this Court that Cohen, Chaffee and CoBe must pay the judgment entered in Court File No. 27-CV-15-16802 and all costs and interests to ACC.

## PRAYER FOR RELIEF

WHEREFORE, Aaron Carlson Corporation prays for judgment against Defendants Neal Cohen, Darren Chaffee, CoBe Equities, L.L.C. a/k/a CoBe Capital, L.L.C. and Stevens Industries, Inc. as follows:

A. For all monetary relief, including pre and post-judgment interest and costs, available to ACC against Stevens under the successor liability doctrine;

B. For all monetary relief, including pre and post-judgment interest and costs, available to ACC against Cohen, Chaffee, and CoBe under the piercing the corporate veil theory;

C. For costs, disbursements and attorneys' fees as allowed by applicable law; and

D. For such other and further relief as the Court deems just and equitable.

SCHWARTZ LAW FIRM

Dated:  December 27, 2016

Brandon M. Schwartz (#392008)
Michael D. Schwartz (#98164)
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
Telephone: 651-528-6800
Facsimile: 651-528-6450
brandon@mdspalaw.com
michael@mdspalaw.com

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minnesota Statute § 549.211.

Dated: December 27, 2016

SCHWARTZ LAW FIRM

Brandon M. Schwartz (392008)
Michael D. Schwartz (98164)
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
brandon@mdspalaw.com
michael@mdspalaw.com
Attorneys for Plaintiff